IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Tony Foster, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv645 (CMH/TCB) |
| | ) | |
| Tracy S. Ray, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Tony Foster, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Hopewell, Virginia of second-degree murder, use of a firearm in the commission of a murder, arson, attempted robbery, and conspiracy to commit robbery. Respondent has filed a Motion to Dismiss and a Rule 5 Answer, accompanied by a supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. For the reasons that follow, petitioner's claims must be dismissed.

I. Background

On November 9, 2004, a jury convicted petitioner of the above offenses in the Circuit Court for the City of Hopewell. Commonwealth v. Foster, Case Nos. CR03000404-00—CR03000406-00; CR0400349-00—CR04000350-00. On February 9, 2005, he was sentenced to a total of forty-five years' incarceration. Petitioner pursued a direct appeal to the Court of Appeals of Virginia alleging that (1) the trial court erred in not permitting him to view notes from an investigating detective; (2) the trial court erred in denying his Motion to Strike the Evidence; and (3) the trial court erred in denying his Motion to Set Aside the Verdict. The Court

of Appeals affirmed petitioner's conviction in a per curiam opinion on November 16, 2005, and a three-judge panel denied a petition for rehearing on January 27, 2006. Foster v. Commonwealth, R. No. 0460-05-2. On July 6, 2006, the Supreme Court of Virginia refused petitioner's petition for appeal. Foster v. Commonwealth, R. No. 060332.

On July 27, 2007, petitioner filed a petition for writ of habeas corpus in the Circuit Court for the City of Hopewell,[1] alleging that (1) counsel was ineffective for failing to object to the trial court's decision to not allow the jury to review trial transcripts during deliberations; (2) counsel was ineffective for failing to elicit prior inconsistent statements of the Commonwealth's key witness; (3) counsel was ineffective for not arguing that the evidence was insufficient to sustain petitioner's charges; and (4) the Commonwealth knowingly admitted perjured testimony. The court dismissed the petition on May 27, 2010. Foster v. Warden, Sussex I State Prison, Case No. CL2007-252. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on March 22, 2011. Foster v. Warden, Sussex I State Prison, R. No. 101838.

On March 27, 2011, petitioner filed the instant federal habeas petition[2] in the United States District Court for the Western District of Virginia, arguing that (1) counsel was ineffective

---

[1] The judge that presided over petitioner's trial also adjudicated his habeas petition. After the trial, the judge apparently thanked both petitioner's counsel and the Commonwealth Attorney, telling them that he found them both "effective." See Petitioner's Response to Motion to Dismiss ("Pet's. Resp.") [Dkt. 10], at 2. Petitioner thus argues that, by also ruling on petitioner's habeas petition, the judge automatically operated under a conflict of interest. See, e.g., id. at 1-3. However, when reviewing petitioner's habeas petition, the trial judge had, in addition to the records submitted by petitioner and respondent, the benefit of his own recollection of counsel's performance at trial. Accordingly, the trial judge was arguably in a better position to adjudicate the petition than a judge who was not familiar with the case. See Buxton v. Lynaugh, 879 F.2d 140, 146 (5th Cir. 1989) ("The judge before whom [defendant] was tried was in a different and better position to make determinations regarding the facts and circumstances surrounding that trial than other courts on direct or collateral review.").

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner stated that he placed his petition in the prison mail system on March 27, 2011. The Western District of Virginia received the petition on April 4, 2011.

2

for failing to ask that the jury be permitted to review trial transcripts; (2) counsel was ineffective for failing to elicit prior inconsistent statements of the Commonwealth's witness; (3) counsel was ineffective for failing to present evidence tending to show that petitioner did not commit the charged crimes;[3] and (4) the Commonwealth knowing admitted perjured testimony. The case was transferred to this Court by Order dated April 5, 2011; however, due to an unknown clerical error, this Court did not receive the petition until June 2, 2014. On August 7, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed a response on September 3, 2014. Based on the pleadings and record before this Court, it appears that petitioner has exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

---

[3] Although petitioner phrased both this claim and his identical argument in state court as one of ineffective assistance of counsel, he also appears to argue, as an independent argument, that the evidence was insufficient to support his conviction. As petitioner presented these arguments as one claim, this Court will also treat them as one claim for the sake of consistency. However, the Court will address the merits of both arguments.

3

When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). "[S]o long as 'fairminded jurists could disagree on the correctness of [a] state court's decision,' a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvorada, 541 U.S. 652, 664 (2004)). In addition, a federal court should review the state court determinations with deference; the court cannot grant the writ simply because it concludes, based on its own analysis, that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

<u>Claim A</u>

In Claim A, petitioner argues that he received ineffective assistance of trial counsel when his attorney failed to ensure that the jury reviewed trial transcripts and failed to ensure that the

4

jury had an answer to its question about the timing of the response to the arson. During deliberations in the guilt phase of petitioner's trial, the jury sent out a note asking what time authorities responded to the fire, and also requesting to review transcripts of trial testimony. The trial judge informed the jurors that they should use their independent recollection of the trial testimony to answer their question about the fire, and informed them that they would not be provided with transcripts. The judge asked petitioner's counsel if he had any objection to this answer, and counsel stated that he did not. See Trial Transcript ("Tr. Trans."), Commonwealth v. Foster (Nov. 8, 2004), at 199-201. Petitioner states that his counsel's failure to object to the judge's answer and failure to provide an answer to the jurors' question constituted ineffective assistance of counsel. He states that the jury's question and request for transcripts showed that "it was obvious that the jury couldn't remember the whole trial, because if they [sic] did, then they [sic] wouldn't have asked to see trial transcript and what time was the fire responded too [sic]." Pet. Att. A, at 1. He argues that, as a result, the jury could not render a "fair judgment." Id. at 3.

The Circuit Court for the City of Hopewell, considering petitioner's argument in his state petition for a writ of habeas corpus, rejected this claim on the merits. Specifically, the court found that petitioner could not meet standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). See Foster v. Warden, slip op. ¶¶ 8-9. This decision was not contrary to, or an unreasonable application of, clearly established federal law, nor was it an unreasonable application of the facts.

The established federal law governing ineffective assistance of counsel claims is the two-pronged test set out in Strickland, 466 U.S. 668. Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel'

5

guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Id. at 687. To prove prejudice, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A federal habeas court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 701-02 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). In addition, as deficient performance and prejudice constitute "separate and distinct elements," Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994), a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697.

Here, the circuit court specifically found that petitioner could not meet either prong of the Strickland test. First, relying on an affidavit from counsel, the court found that "trial counsel . . . believed it was in the best interest of his client for the jury to *not* review any transcripts of the trial . . . This is precisely the type of tactical decision the reviewing court should not second guess in habeas." Foster v. Warden, slip op. ¶ 8 (emphasis in original) (citing Jackson v. Warden, 271 Va. 434, 627 S.E.2d 776 (2006) (refusing to second-guess a tactical decision made by counsel regarding peremptory challenges).[4] In addition, the court found that:

> [A]ny objection to the trial court's ruling would have been futile and meritless. There were no transcripts for the jury to review, and it is unclear how long it would have taken to transcribe a four day jury trial. There is no evidence in the record that the trial court would have been willing to delay the proceedings while a transcript was prepared. In fact, the trial court attempted to keep the jury going as long as possible. The trial court denied a request from the jury to suspend deliberations until the next day because "the evidence will never be fresher in

---

[4] In his affidavit, petitioner's counsel also stated that he believed that allowing the transcripts back to the jury room would hurt his client, as, "[w]hen the evidence had gone to the jury, the Commonwealth had put on a strong case . . . [,] and my personal sense of the jury at that time was that we were in trouble." Respondent's State Motion to Dismiss, Aff. of Brent A. Jackson, Esq. ("Jackson Aff.") ¶ 8.

6

your minds [than] it is right now." Furthermore, [relying on Virginia Court of Appeals precedent], the trial court's ruling was correct.

Id. ¶ 9 (quoting Weaver v. Commonwealth, 00 Vap UNP 0835994 (2000)). Accordingly, the court found that petitioner had not shown either deficient performance or prejudice.

The court's decision was not contrary to, or an unreasonable application of, the Strickland standard. A reviewing court should not second-guess reasonable tactical decisions, and should presume that counsel performed in a reasonable manner. See, e.g., Bell, 535 U.S. at 702. Here, it is clear that counsel's decision not to object to the judge's determination not to allow the jury to review trial transcripts was based on his reasonable belief that allowing the jury to view the transcripts would only hurt his client. See Jackson Aff. ¶ 8. In addition, counsel stated that "it is standard protocol for the jury to use [its] recollection of facts to discern the issue of guilt or innocence." Id. Accordingly, there was no basis for counsel to object to the judge's decision, and his decision not to do so does not constitute ineffective assistance. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (citing Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984)) (holding that a petitioner could not demonstrate that counsel's performance was unreasonable for failing to request a continuance absent evidence that any reasonable counsel would have requested a continuance).

Because the circuit court's opinion was not contrary to, or an unreasonable application of, clearly established federal law, nor an unreasonable application of the facts, Claim A must be dismissed.

### Claim B

In Claim B, petitioner states that trial counsel was ineffective for failing to cross-examine the Commonwealth's key witness regarding a prior inconsistent statement made to a police detective. Specifically, Eddie Brunson, the witness in question, had apparently told police prior

7

to trial that he had seen petitioner load hollow tip bullets into a black .38 revolver on the day of the murder. See State Pet., Ex. (Police Report), at 2. At trial, the evidence showed that the victim had been shot with .38 caliber cast lead bullets, rather than hollow tip bullets. See Tr. Trans. (Nov. 4, 2004), at 175, 179. At trial, Brunson testified that he had seen petitioner with hollow tip bullets and a black revolver on the day of the murder. Tr. Trans. (Nov. 5, 2004), at 23. On cross-examination, however, Brunson stated that petitioner was simply showing him the gun and the bullets. Id. at 64-65. Petitioner argues that, had counsel properly elicited Brunson's prior statement that petitioner actually possessed a gun loaded with hollow tip bullets, the jury would be forced to find petitioner not guilty of murder. He states that counsel rendered ineffective assistance for failing to bring out Brunson's prior statement.

The circuit court, reviewing petitioner's habeas petition, dismissed petitioner's claim on the merits, specifically finding that he could not meet either prong of the Strickland test. The court found:

> Counsel's trial tactics during cross-examination were reasonable. A reasonable counsel would not have directly impeached the witness with the prior inconsistent statement as the rest of [Brunson's statement to police] is entirely consistent with Brunson's testimony at trial. How to handle a witness is a "basic" issue of trial strategy. Sallie v. North Carolina, 587 F.2d 636, 640 (4th Cir. 1978). In any event, counsel thoroughly attacked Brunson's credibility during closing argument.... Furthermore, "counsel is not ineffective merely because he overlooks one [trial] strategy while vigilantly pursuing another." Williams v. Kelly, 816 F.2d 939, 950 (4th Cir. 1987) [alterations in original]. As there is no evidence that counsel's performance was deficient, this claim must fail.

Foster v. Warden, slip op. ¶ 11. The court also found that, due to the overwhelming evidence against petitioner presented at trial, he had not shown that, but for counsel's allegedly deficient cross-examination, the result of his trial would have been different. The court therefore dismissed petitioner's claim of ineffective assistance of counsel.

The court's decision was not contrary to, or an unreasonable application of, clearly established federal law. Decisions such as whether and how to cross-examine a witness are tactical decisions left to a lawyer's discretion. See, e.g., Oliver v. Braxton, No. Civ.A. 01-349-AM, 2001 WL 34633625, at *5 (E.D. Va. Nov. 8, 2001) (internal citations omitted). Absent a showing that an attorney's decision was unreasonable, reviewing courts should not second-guess such tactical decisions. See, e.g., Dows v. Wood, 211 F.3d 480, 487 (9th Cir. 2000), cert. denied, 531 U.S. 908 (2000) ("[C]ounsel's tactical decisions at trial, such as refraining from cross-examining a particular witness or from asking a particular line of questions, are given great deference . . . ."); Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) (internal citations omitted). From the record, it is clear that counsel reasonably cross-examined Brunson, even eliciting the fact that Brunson did not see petitioner actually loading hollow tip bullets into his revolver. It is also clear that, in closing argument, counsel vigorously attacked Brunson's credibility. See, e.g., Tr. Trans. (Nov. 8, 2004), at 157-159. Thus, there is no indication that counsel's tactical decisions were unreasonable, and the circuit court had no reason to second-guess his performance. In addition, given the weight of the evidence presented at trial, petitioner has not shown that, had counsel elicited Brunson's prior statement to police, the result of his trial would have been different.

As the circuit court's opinion was not contrary to, or an unreasonable application of, clearly established federal law, nor an unreasonable application of the facts, Claim B must be dismissed.

### Claim C

In Claim C, petitioner states that his counsel was ineffective for "failing to present evidence that showed Foster didn't [commit] the murder, arson, robbery, and other attendant

9

charges." Pet. Att. C., at 1. The failure to present such evidence, petitioner claims, prejudiced his defense. See, e.g., Pet. Att. "Argument Grounds B, C, and D," at 4. Petitioner claims that phone records, not presented at trial, would have shown that he could not have committed the charged crimes. See Pet. Att. C, at 2. He states that his attorney knew about these phone calls, but failed to present them at trial. Id. Petitioner also states that counsel failed to effectively present evidence of the autopsy report showing that the murder victim was not killed by hollow tip bullets, failed to effectively elicit inconsistent statements by Brunson and other Commonwealth witnesses, and failed to effectively draw attention to weaknesses in the Commonwealth's case. See id. at 3-5; Pet's. Resp., at 10-13. Petitioner specifically faults his counsel for failing to elicit Brunson's inconsistent statements. In this regard, he states that, because counsel knew of Brunson's prior statement to police, and "knew that it all came down [to] Brunson's word against Foster's[,] counsel's strategy should've been to discredit Brunson . . . ." Pet. Att. "Argument Ground B, C, and D," at 5.

The circuit court, considering petitioner's state habeas petition, rejected this claim, stating that "petitioner has failed to point to any conduct that was deficient on the part of counsel . . . ." Foster v. Warden, slip op. ¶ 13. Although the court did not provide any additional explanation for its holding, this decision still constitutes a decision "on the merits" for purposes of § 2254(d) review. See Harrington, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."). Upon review, it is clear that the court's decision is not contrary to, or an unreasonable application of, clearly established federal law.

As counsel stated in his affidavit in petitioner's state habeas proceedings, the Commonwealth presented a strong case against petitioner. See, e.g., Jackson Aff. ¶ 8.

Petitioner's counsel effectively pointed out the weaknesses in Commonwealth's evidence during closing argument, see Tr. Tran. (Nov. 8, 2004), at 157-174, but could reasonably have concluded that introducing any additional evidence during trial would only have confused the jury and potentially harmed his client. As counsel's performance is presumed to be reasonable, this Court will not second-guess his tactical decisions. See, e.g., Bell, 535 U.S. at 702; Dows, 211 F.3d at 487.

In Claim C, petitioner also appears to argue an independent claim that the evidence was insufficient to support his conviction. See Pet. Att. C, at 6 ("The [Commonwealth's] evidence show's [sic] that Foster didn't kill the victim, so how can Foster be find [sic] guilty beyond an reasonable doubt [sic] . . . ."). To the extent that petitioner raises a challenge to the sufficiency of the evidence, the Court of Appeals of Virginia rejected this claim on direct appeal.[5] Specifically, the court found:

> The jury heard the testimony of witnesses and observed their demeanor. The jury was aware that Brunson agreed to plead guilty and to testify against [petitioner]. The jury evaluated the evidence, including the forensic evidence, and resolved any inconsistencies in favor of the Commonwealth. The jury necessarily rejected [petitioner's] defense that he left [the victim's] apartment with friends prior to the murder. In denying the motion to set aside the verdict, the trial judge stated the matters raised in the motion were issues of fact to be decided by the jury and there was credible evidence to support the jury's verdicts. Based upon a review of the evidence, there was sufficient evidence to support the jury's verdicts.

Foster v. Commonwealth, slip op., at 5.

The court's decision was not contrary to, or an unreasonable application of, clearly established federal law. Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. A federal court must determine whether "after viewing the evidence in the light most favorable to

---

[5] Because the Court of Appeals provided the last reasoned state court decision on this claim, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

11

the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original) (internal citations omitted). Challenges based on the sufficiency of the evidence thus face "two layers of judicial deference." Coleman v. Johnson, _ U.S. _, 132 S. Ct. 2060, 2062 (2012) (per curiam). In a jury trial, such as petitioner's, the jury has the sole responsibility of determining what conclusions to draw from the evidence presented at trial. Thus, an appellate court reviewing a challenge to the sufficiency of the evidence on direct appeal may overturn the jury's verdict only if no rational trier of fact could have agreed with the outcome. Cavazos v. Smith, _ U.S. _, 132 S. Ct. 2, 3 (2011) (per curiam). A federal habeas court may only overturn this state court decision if the decision was "objectively unreasonable;" it may not overturn the decision simply because it disagrees with the outcome. Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

The Court of Appeals of Virginia found that the jury properly observed and evaluated the credibility of witnesses, that the Commonwealth's evidence was competent and credible, and that the trial judge properly denied petitioner's Motion to Strike the Evidence. As nothing in this analysis is objective unreasonable, petitioner's argument must fail.

As nothing in the state courts' analysis of Claim C is contrary to, or an unreasonable explanation of, clearly established federal law, or an unreasonable application of the facts, Claim C must be dismissed.

## Claim D

In Claim D, petitioner argues that the Commonwealth knowingly admitted perjured testimony in his trial from Brunson, a detective, and petitioner's ex-girlfriend, Amber Papagiaclos. The circuit court, reviewing petitioner's petition for a writ of habeas corpus, found that this claim was barred by Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) (holding

that a claim is defaulted on habeas review if it could have been raised in direct appeal and was not).

If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted, the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted). The United States Court of Appeals for the Fourth Circuit has consistently found that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997) (internal citations omitted); see also Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006) (citing Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998)).

Petitioner appears to state that this Court should excuse his procedural default because he "wasn't aware of this evidence" during his direct appeal. Pet., at 11. He also states, however, that his attorney was aware of the inconsistencies in Brunson and Papagiaclos' testimony as soon as the Commonwealth provided him with pre-trial discovery. See, e.g., Pet. Att. D, at 1-2. Thus, it appears that petitioner and his counsel had knowledge of any potentially perjured testimony prior to trial. Petitioner therefore certainly had knowledge of this issue during the pendency of his direct appeal, and thus has not established cause for his failure to raise the issue at that time.

Accordingly, the state court's finding of procedural default prevents this Court from reviewing the merits of Claim D.

## IV. Conclusion

For the above-stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this 20th day of March 2015.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia